UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X CIVIL ACTION NO. 08 CIV 3873
LUIS A. RAMOS,

PLAINTIFF,

- against -

VERIFIED COMPLAINT

CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, RAY KELLY            JURY DEMAND
AS COMMISSIONER OF NEW YORK CITY POLICE
DEPARTMENT, DETECTIVE KEVIN MOJICA
SHIELD #06617 AND JOHN DOE OFFICERS 1-10

DEFENDANTS.
-------------------------------------------------------------------- X

The plaintiffs, complaining of the defendants, by their attorneys Law Office of Jose A. Muñiz, P.C., respectfully shows to this Court and alleges:

### NATURE OF ACTION

1. This is an action to recover money damages arising out of defendants violations of plaintiff's rights under the constitution and laws of the United States and the State of New York, as a result of Plaintiff's arrest and incarceration on March 21, 2007, at his business address which is 2565 Frisby Avenue, Bronx, NY., on the basis of filing false reports and Grand Jury testimony by Detective Mojica and an incomplete and dubious investigation of the charges. The defendant, interrogated the plaintiff for approximately two (2) hours, at the 45th Precinct, even though he was advised by the plaintiff, and his defense attorney, Lauriano Guzman, that he retained counsel and no further interrogation would be permitted.  Detective Mojica told the plaintiff, at the 45th Precinct, that "I got you now"; and also "fuck it, just for the heck of it, I am going to arrest you"; and lastly, "don't worry about it, when it is over you'll have a misdemeanor."

## JURISDICTION

2.  That Jurisdiction is founded upon the existence of a Federal Question.

3.  This is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege, and immunity secured to plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. §1983) and arising under the law and statutes of the State of New York.

4.  Jurisdiction is founded upon U.S.C. §1331 AND 1343(3) and (4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of a right, privilege, and immunity secured to a plaintiff by the First Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

5.  The matter in controversy exceeds, exclusive of interest and costs, the sum of value of FIFTY THOUSAND ($50,000.00) DOLLARS.

## PARTIES

6.  That the plaintiff LUIS A. RAMOS is a United States Citizen of the United States and he is a resident of the City of New York, County of Bronx, State of New York.

7.  Upon information and belief, that at all times hereinafter mentioned, the defendant THE CITY OF NEW YORK, was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.  Upon information and belief, that at all times hereinafter mentioned, the defendant THE CITY OF NEW YORK, its agents, servants and employees operated, maintained and controlled the Police Department of the City of New York, including all the police officers thereof.

9.  Upon information and belief, that at all times hereinafter mentioned, and on or prior to the March 21, 2007, defendant Detective Kevin Mojica was employed by defendant, THE CITY OF NEW YORK, as a Detective.

10. Upon information and belief, that at all times hereinafter mentioned, and on or about March 21, 2007, defendants John Doe Officers 1-10 were employed by defendants the CITY OF NEW YORK.

11. Upon information and belief, that at all times hereinafter mentioned, and on or about March 21, 2007, defendant Raymond Kelly is employed by defendant CITY OF NEW YORK as Commissioner of the Police Department of the City of New York, is also presently acting as Commissioner of the Police Department of the City of New York.

12. This action arises under the United States Constitution, particularly under provision of the Fourth and Fourteen Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 and the rights under the Constitution and laws of the State of New York.

13. Each and all of the acts of the defendants alleged herein were done by the defendants, their agents, servants and employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinance,

regulations, customs and usages of the State of New York, the City of New
York and the County of New York, city and county.

**JURY DEMAND**

14. Plaintiff demand trial by jury in this action.

**AS AND FOR THE FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFF LUIS A. RAMOS
FOR VIOLATION OF HIS CIVIL RIGHTS UNDER 42 USC 1983**

15. Plaintiff repeats, reiterates and realleges each and every allegation
contained in paragraphs marked FIRST though FOURTEEN with the same
force and effect as is more fully and at length set forth herein.

16. That on or about March 21, 2007, plaintiff, LUIS A. RAMOS, was lawfully and
properly on the Streets of New York, in the County of Bronx, City and State
of New York at which time and place defendants then and there were at, as
part of their regular and official employment as police officers for the
defendant, THE CITY OF NEW YORK.

17. As the plaintiff was lawfully and properly on the streets of New York, at his
place of business, 2565 Frisby Avenue, Bronx, NY., Detective Mojica, who
having the real and apparent ability to cause imminent harmful and offensive
bodily contact and the power and authority to arrest and imprison the
plaintiff did so threaten these acts upon the plaintiff, who, after continuing
has lawful activity, was arrested and detained by Detective Mojica and  other
officers at approximately 3:30 p.m.

18. Immediately thereafter, the aforementioned defendants, their agents,
servants and employees falsely arrested and imprisoned the plaintiff and

deprived him of his rights and liberties as set forth in the Constitutions of the United States and of the State of New York, and threatened plaintiff with the possible use of physical force; in that they imprisoned him without any conduct on the part of the plaintiff to so warrant;

To wit:

A) in that all of the actions of the defendants, their servants and employees, were committed with the intention to cause mental injury to the plaintiff, to arrest, restrain and imprison the plaintiff without his consent, the plaintiff was at all times conscious of the arrest, did not consent to the false arrest and imprisonment and was not otherwise privileged; and,

B) the arrest and imprisonment were not justified by probable cause or other legal privilege; defendants, their agents, servants and employees, acting under the usages of the State, City and County of New York, and under the authority of their office as police officer for said City, falsely charged the plaintiff with crimes although the defendants, acting in such capacity knew that such chargers were false; and,

C) that the defendants, their agents, servants and employees failed to adequately and properly hire, retain, train, supervise, discipline or in any other way control the behavior and performance of the defendants, their agents, servants and employees and in their hiring practices in the exercise of their police functions and their failure to enforce the laws of the State and City of New York is evidence of the reckless lack of cautious regard for the rights of the public including plaintiff and exhibited a lack of the degree of due care which prudent and reasonable individuals would show in executing the duties of the defendants; and,

D) the failure of the defendants, their agents, servants and employees to hire, train, supervise, discipline or in any other way control the defendants, in the exercise of their functions and to enforce the laws of the State of New York and the City of New York was and is carried our willfully, wantonly, maliciously, and with such reckless disregard for the dangers of harm and injury to the citizens of the Stare and City of New York including plaintiff, and,

E) due to the act of the defendants, their agents, servants and employees herein, the failure of the City of New York to discipline and properly hire defendants and the continued employment of the defendants present a clear and present danger to the citizens the of the City and the States of New York; and,

F)) that the said prosecution and criminal charges were instituted and procured by the defendants, their agents, servants and employees in this action unlawfully and maliciously and without any reasonable or probable cause whatsoever.   That the commencement and/ or continuation of the criminal proceedings by the defendants against the plaintiff was without probable cause, with actual malice and was terminated in favor of the plaintiff on November 15, 2007; and,

G) that the defendants, their agents, servants and employees permitted the use of a policy and/or drafted policy that was violative of the Constitutional rights of the above named plaintiff; in that each and all of the acts alleged herein were done not as individuals but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State New York, the City of New York and the County of Bronx and under the authority of their office as police officers for said city and county,

19. Plaintiff did not commit any illegal act, either before or at time he was falsely arrested and imprisoned, maliciously prosecuted and deprived of his constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C Section 1983 and the Constitution of the State of New York.

20. As a direct result of the illegal actions and conduct on the part of the defendants, their agents, servants and employees,   plaintiff was falsely arrested and imprisoned, maliciously prosecuted and compelled to be arraigned and appear in  Supreme Court in the City of New York, County of Bronx and serve three days in jail.

21. That at all times hereinafter mentioned, the defendants were employed in their respective capacities by the defendants THE CITY OF NEW YORK and were acting under the color of their official capacity and their acts were performed under the color or the policies, statutes, ordinances, rules and regulations of City of New York.

22. That at all times hereinafter mentioned, defendants, police officers and/or Detectives Mojica, and John Does 1-10, were acting pursuant to orders and directives from defendant THE CITY OF NEW YORK.

23. That during all times hereinafter mentioned, the defendant Police Officers and/or detectives separately, and in concert acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the City of New York and the defendants here, separately and in concert, engaged in the illegal conduct here mentioned to the injury of the plaintiff of the rights, privileges and immunities secured to plaintiff by the First, Fourth and Fourteen Amendments to the Constitution of the United States.

24. That by reason of the foregoing, the plaintiff has been damaged in a sum to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF LUIS A. RAMOS
## FOR MALICIOUS PROSECUTION UNDER 42 USC 1983

25. Plaintiff repeats, reiterates and alleges each and every allegation contained in paragraphs market FIRST through TWENTY FOUR with the force and effect as is more fully set forth herein.

26. That on or about 21 day of March, 2007, in the City and State of New York, County of Bronx, and at subsequent times thereafter, including but not limited to the 45th Precinct, central booking, Criminal Court, the Grand Jury, the defendants, their agents, servants and employees maliciously prosecuted and detained plaintiff, LUIS A. RAMOS, without any just right or grounds thereof. That the plaintiff was wholly innocent, and was forced by the defendants to submit to court proceedings.

27. That the defendants, their agents, servants and employees acting in the performance of their employment and within the scope of their authority, testified falsely and withheld vital information before the Judge of the Criminal Court of the State of New York, in the County of Bronx, and provided misleading testimony before the Grand Jury.

28. That on November 15, 2007, the Supreme Court of the State of New York, County of Bronx, dismissed the charges.

29. That the said prosecution and criminal charges and hearings were instituted and procured by the defendants, their agents, servants and employees in this action unlawfully and maliciously and without any reasonable or probable cause whatsoever. That the commencement and/ or continuation of the criminal proceedings by the defendants against the plaintiff was without probable cause, with malice and was terminated in favor of the plaintiff.

30. That by reason of the aforesaid unlawful and malicious prosecution, and abuse of process. The plaintiff was deprived of his liberty, was subjected to great indignity, humiliation, pain and great distress of mind and body and was held up to scorn and ridicule, was injured in his character and

reputation, was prevented from attending his usual business and avocation, was injured in his reputation in the community and the said plaintiff has been otherwise damaged.

31. That by reason of he aforesaid, the plaintiff has been damaged in a sum to be determine at trial.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF LUIS A. RAMOS FOR MALICIOUS ABUSE OF PROCESS UNDER 42 USC 1983

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs market FIRST through THIRTY ONE with the same force and effect if more fully and at length set forth herein.

33. That on or about March 21, 2007, in The County of Bronx, City and State of New York, and at subsequent times thereafter, including but not limited to the Criminal Court, the defendants, their agents, servants and employees maliciously prosecuted and detained plaintiff, LUIS A. RAMOS, without any just right or grounds therefore.

34. That the plaintiff was and is wholly innocent, and was forced by the defendant to submit to court proceedings, and the Grand Jury.

35. That the defendants, their agents and employees acting in the performance of their employment and within the scope of their authority, testified falsely and withheld vital information before a Judge of the Criminal Court of the State of New York, in the County of Bronx, and the Grand Jury.

36. That on November 15, 2007; the Supreme Court of the State of New York, dismissed his indictment.

37. That the said prosecution and criminal charges and hearings were instituted and procured by the defendants, their agents, servants and employees in this action unlawfully and maliciously and without any reasonable or probable cause whatsoever therein. That the commencement and/or continuation of the criminal proceedings by the defendants against the plaintiff was without probable cause, with actual malice and was terminated in favor of the plaintiff.

38. It was the intent and end result of the defendants to harm the plaintiff and deprive him of his civil rights.

40. That defendants action of falsely arresting and charging plaintiff, and his malicious prosecution and illegal imprisonment was done in order to obtain an illegal collateral objective, which was outside the legitimate ends of the Criminal Justice process.

41. That by reason of he aforesaid unlawful and malicious abuse of process the plaintiff was deprived of his liberty, was subjected to great indignity, humiliation, pain and great distress of mind and body was held up to scorn and ridicule, was injured in his character and reputation, was prevented from attending his usual business and avocation, was injured in his reputation in the community and the said plaintiff has been otherwise damaged.

42. That by reason of he aforesaid, the plaintiff has been damaged in a sum to be determine at trial.

43. That by reason of the aforesaid false arrest and false imprisonment, malicious prosecution and abuse of process and deprivation of his rights and liberties as guaranteed by the aforementioned constitutions, by the

defendants, their agents, servants and employees, acting within the scope of

their authority, and without any probable or reasonable cause, the plaintiff

suffered great mental injury and was rendered sick, disabled, and among

other things, he suffered conscious pain and suffering, and that he was

otherwise damaged.

 That by reason of the aforesaid, the plaintiff requests the following relief:

      a)  Compensatory damages in a sum of to be determined at trial;

      b)  Punitive damages in a sum to be determined at trial;

      c)  An award of reasonable attorney's fees, costs and disbursements;

      An, such other and further relief as this Court may deem just, meet

and proper under the circumstances.

**PLAINTIFFS DEMAND TRIAL BY JURY**


Dated:  New York, New York
        April 3, 2008


                            **/S/**
               THE LAW OFFICE OF JOSE A. MUÑIZ, P.C.
               BY: JOSE A. MUÑIZ, ESQ.
               277 BROADWAY, SUITE 108
               NEW YORK, NEW YORK, 10007
               (212) 964-3736